UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ARONTE DARNESIO JARVIS, #1467631

    Petitioner,

v.                                                      Civil Action No. 2:20-cv-424

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Aronte Darnesio Jarvis' ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 7. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Following a bench trial, the Circuit Court of the City of Newport News ("Trial Court") convicted Petitioner of robbery in violation of Va. Code § 18.2-58 and use of a firearm in violation

of Va. Code § 18.2-53.1. ECF No. 1 at 1. On June 22, 2015, the Trial Court sentenced Petitioner to a mandatory minimum of three years for the use of a firearm and twenty-five years for robbery, with eleven years and five months suspended. ECF No. 9, attach. 1 at 2, 5. The Trial Court ordered nine years of the robbery sentence to run consecutively with the active federal sentence he is currently serving. *Id.* at 2.

Petitioner filed a direct appeal of his state criminal conviction claiming the Trial Court erred by denying his motion to strike because the evidence was insufficient to support his conviction. ECF No. 1 at 2. The Court of Appeals of Virginia denied Petitioner's direct appeal on December 9, 2015, and again on March 1, 2016. ECF No. 9, attach. 2. Petitioner appealed, and the Supreme Court of Virginia refused his petition for appeal on December 8, 2016. ECF No. 9, attach. 3. Petitioner then filed a state habeas petition in the Trial Court on December 5, 2017, for "ineffective assistance of counsel." ECF No. 9, attach. 4 at 2, 4. After filing his state habeas petition, Petitioner filed a Motion for Request of Nunc Pro Tunc Hearing and a Supplemental Memorandum of Law on or around January 3, 2017. ECF No. 9, attach. 4 at 4. In those documents, Petitioner raises three new claims: (1) a request for concurrent sentencing; (2) prosecutorial misconduct; and (3) the failure of his attorney to impeach the government's evidence. *Id.* The Trial Court denied the Petitioner's request for leave to amend his petition to include new claims as the statute of limitations had expired on December 8, 2017. ECF No. 9, attach. 4 at 3 n.1, 5. The Trial Court considered Petitioner's original claim of ineffective assistance of counsel but ultimately denied and dismissed his habeas petition on April 2, 2018. ECF No. 9, attach. 4 at 11. Petitioner did not appeal the denial of his state habeas petition. ECF No. 1 at 8.

On July 29, 2020, Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief on the ground that there was insufficient evidence to convict the Petitioner.[1] ECF No. 1 at 5, 7. On October 30, 2020, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice. ECF Nos. 7–9, 11. Petitioner then filed a Response to the Motion to Dismiss and Rule 5 Answer on February 4, 2021. ECF No. 16. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV.A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). A petitioner incarcerated in the state prison system must file their federal petition for a writ of habeas corpus within one year of the completion of the direct review process, subject to any applicable statutory tolling. *See* 28 U.S.C. § 2244(d)(1). However, compliance with the statute of limitations must account for both statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). As Respondent notes, this case is governed by the limitation

---

[1] Petitioner states a second claim, that the "Commonwealth's evidence failed to prove beyond a reasonable doubt that [Petitioner] robbed Bruce Douglas," but because both claims challenge the sufficiency of the evidence the Court views them as one claim. ECF No. 1 at 5, 7.

3

period outlined in the AEDPA. ECF No. 9 at 2. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

1. The Petition is untimely.

In the instant matter, the Trial Court sentenced the Petitioner on June 22, 2015. ECF No. 9, attach. 1 at 3, 5. Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied his petition on December 9, 2015 and again on March 1, 2016. ECF No. 9, attach. 2. The Supreme Court of Virginia then denied Petitioner's appeal on December 8, 2016. ECF No. 9, attach. 3. Petitioner had ninety days to appeal to the Supreme Court of the United States. Sup. Ct. R. 13(1). Since Petitioner did not appeal to the Supreme Court of the United States, the judgment

became final on March 8, 2017.[2] Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief expired on March 8, 2018. The instant Petition was filed on July 29, 2020, which is 874 days (2 years, 4 months, and 21 days) beyond the one-year deadline provided by the AEDPA. ECF No. 1 at 15. Courts do, however, provide tolling for the time during which properly filed state court habeas proceedings are pending. *See* 28 U.S.C. § 2254(d)(2).

2. Petitioner is entitled to statutory tolling.

As previously mentioned, Section 2244(d)(2) of the AEDPA provides for tolling of the one-year federal statute of limitations during the pendency of a "properly filed" state habeas petition. Petitioner's judgment became final on March 8, 2017, but the one-year limitation period was tolled 272 days later, on December 5, 2017, when Petitioner properly filed his state habeas petition. ECF No. 9, attach. 4 at 2–4.[3] At that point, he had 93 days remaining in the one-year statute of limitations to file a federal habeas petition. Petitioner's state habeas was then dismissed on April 2, 2018, and the federal statute of limitations resumed, to expire 93 days later, on July 4, 2018.[4] ECF No. 9, attach. 4 at 11. However, Petitioner did not file until July 29, 2020, which is

---

[2] Petitioner does not allege facts on which his federal filing period could be calculated under any other subsection of § 2244(d) than subsection (d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

[3] It is worth noting that Petitioner's state and federal habeas petitions appear to assert different claims despite the fact that they both relate to the same judgment. Petitioner's state habeas petition claimed ineffective assistance of counsel, alleging that his counsel failed to file a motion for discovery. Petitioner's federal habeas petition claimed insufficient evidence to convict. Neither party acknowledges this discrepancy. However, it is ultimately immaterial due to the untimely nature of the federal habeas petition.

[4] Petitioner filed his state habeas petition on December 5, 2017. ECF No. 9, attach. 4 at 2. The Trial Court dismissed Petitioner's appeal on April 2, 2018, 118 days later. *Id.* at 11. This tolling accounts for the number of days in which his "properly filed application for State post-conviction" was pending in state court. (quoting 28 U.S.C. § 2244(d)(2)).

5

well beyond the federal statute of limitations. ECF No. 1 at 15. However, this is not the end of the inquiry as there remains the question of whether Petitioner is entitled to the benefit of equitable tolling.

### 3. Petitioner is not entitled to equitable tolling.

Petitioner acknowledges his untimely Petition and explains that it is untimely because he was "exhausting all [his] avenues." ECF No. 1 at 13. The Supreme Court has maintained that a petitioner is only entitled to equitable tolling where he demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid v. Clarke,* No. 1:18CV262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner has not argued that he is entitled to equitable tolling, nor has he attempted to prove that he diligently pursued his claims or that an extraordinary circumstance prevented timely filing. Petitioner alleges that his Petition was untimely because he was "exhausting all [his] avenues." ECF No. 1 at 13. But it cannot be said that Petitioner diligently pursued his rights when he waited over two years and three months after the dismissal of his state habeas petition to file the instant petition. ECF No. 9, attach. 4 at 11; ECF No. 1 at 15.

Petitioner also filed a response, ECF No. 16, to the Respondent's Motion to Dismiss. In Petitioner's Response, he further explains that he did not file his federal habeas corpus petition on

6

time because he is a *pro se* litigant, untrained in the law, and housed at an institution with limited access to the law library. ECF No. 16 at 1. Petitioner does not explain how his *pro se* status and his alleged limited access to the law library prevented him from filing a habeas corpus petition on time. This argument has been uniformly rejected by the Fourth Circuit and virtually every court that has considered it. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding petitioner's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (holding petitioner's lack of understanding of the law does not amount to extraordinary circumstances beyond his control); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a *pro se* prisoner's ignorance of the law warranted equitable tolling). Petitioner does not offer any other valid external circumstances that interfered with his ability to file his federal habeas petition on time. Thus, Petitioner fails to establish that equitable tolling should be applied to excuse his delayed filing of the instant Petition.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has

failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014).

    4. <u>Petitioner provided insufficient evidence of actual innocence.</u>

A petitioner may still overcome a time-bar if the petitioner makes "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To make a successful actual innocence claim, the petitioner must present new, reliable evidence, which is sufficient to convince the court that no reasonable juror could have found the petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schulp v. Delo*, 513 U.S. 298, 329 (1995)). Evidence which merely impeaches a government witness or adds support to a theory already presented at trial is insufficient to meet the actual innocence standard. *See Calderon v. Thompson*, 523 U.S. 538, 562–63 (1998). In the instant Petition, Petitioner challenges the sufficiency of the evidence to convict him at trial, but he fails to put forward any new reliable evidence to support a claim of actual innocence. Without presenting "new reliable evidence," Petitioner cannot establish that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Therefore, Petitioner has provided insufficient evidence of actual innocence and has not overcome the time-bar on his Petition.

Accordingly, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss and Rule 5 Answer, ECF No. 7, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 7, 2021